IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD DAVID WEISSKOPF, | ) |
| Plaintiff, | ) |
| | ) Case No. 16 CV 6381 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| PHILIP MARCUS, ORLY OSTERMAN, EDNA BROWNSHTEIN, RUTH EISENMAN, and SILVIO GUTKOWSKY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to dismiss [6] and plaintiff's motions to remand [14] and to amend [16]. For the reasons set forth below, defendants' motion is granted and plaintiff's motions are denied.

## BACKGROUND

In April 2016, pro se plaintiff, Richard David Weisskopf, brought a two-count fraud and civil conspiracy claim in the Circuit Court of Cook County against several Israeli citizens—a judge, a psychiatrist, and social workers. (Compl. ¶¶ 1-6.) Plaintiff was married in DuPage County in October 2003 and filed for divorce in Israel in November 2008. (*Id*. ¶¶ 9-10.) At some unspecified time, plaintiff consulted with the Illinois Department of Child and Family Services ("DCFS") and was a licensed Illinois foster parent. (*Id.* ¶ 12.) Plaintiff alleges that from 2009 to 2012 defendants conspired to "ruin plaintiff's life," discriminated against him because of his gender and religious beliefs, and used stolen documents from his DCFS file[1] to create a fraudulent diagnosis. (*Id.* ¶¶ 11, 13, 15.) As a result of defendants' actions, plaintiff

---

[1] Later in the complaint, plaintiff indicates that he was a DCFS ward at some point during his childhood. (Compl. ¶ 26c.) It is unclear if the allegedly stolen documents came from his childhood DCFS file or an employment file.

contends that his ability to work in child welfare was ruined. (*Id.* ¶ 19.) Defendants removed the case to this Court in June 2016, invoking diversity jurisdiction, and filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Therein, defendants explain that plaintiff has filed at least three other federal lawsuits against these same defendants for the same underlying conduct that is alleged here. (Defs.' Mem. at 1.)[2]

## STANDARDS

"A case filed in state court may be removed to federal court if it is one over which the federal district courts have original jurisdiction." *Fournier v. Lufthansa German Airlines,* 191 F. Supp. 2d 996, 1000 (N.D. Ill. 2002) (citing 28 U.S.C. § 1441(a)). "Federal district courts have original subject matter jurisdiction [when] . . . complete diversity of citizenship exists between the parties . . . [or when] . . . the case arises under the Constitution, laws, or treaties of the United States." *Chirico v. Ceramic Tile Layers Union, Local 67,* 13 F. Supp. 2d 798, 799 (N.D. Ill. 1998) (citing 28 U.S.C. §§ 1331 and 1332). "The party seeking removal has the burden of establishing federal jurisdiction." *Bac Home Loans Serv., LP v. Tratar,* 16-cv-3493, 2016 WL 7324588, at *1 (N.D. Ill. Dec. 16, 2016) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009)).

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-

---

[2] *Weisskopf v. Weisskopf,* No. 11-cv-638 (W.D. Wis.) was voluntarily dismissed on September 26, 2011; *Weisskopf v. Neeman,* No. 11-cv-665 (W.D. Wis.) was dismissed with prejudice as legally frivolous on March 20, 2013; and *Weisskopf v. Jewish Agency for Isr., Inc.,* No. 12-cv-6844 (S.D.N.Y.) was voluntarily dismissed on April 30, 2013.

pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## DISCUSSION

**Motion to Remand**

Defendants contend that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because defendants are Israeli citizens and plaintiff is an American citizen and because plaintiff seeks over $75,000 in damages. (Notice of Removal ¶¶ 10, 17-18.) Plaintiff asserts that he is not a citizen of any state. (Pl.'s Mot. at 5-6.) He contends that he has not filed any state or local tax returns since 2012 and that his citizenship cannot be established. (*Id*. at 6.) Plaintiff also argues that this case does not meet the $75,000 amount-in-controversy requirement. (*Id*. at 4-5.) He states that he is seeking a sum in excess of $60,000 ($30,000 for each claim) to be determined by a jury. (*Id*. at 4.) Plaintiff dismisses as baseless defendants' assertion that he is seeking an amount in excess of $20,000,000. (*Id*.) Defendants respond by arguing that their "good-faith estimate" that plaintiff seeks at least $75,000 is supported by plaintiff's prior

3

lawsuits "involving many of the same defendants and the same alleged injuries." (Defs.' Resp. at 3.) Defendants further contend that plaintiff has conceded he is an American citizen last domiciled in Illinois. (*Id*. at 4.) In his reply, plaintiff asserts that because defendants have filed a motion to dismiss they agree that federal court is not the appropriate venue for this action. (Pl.'s Reply at 1.)

At the outset, the Court notes that defendants' removal was timely. According to plaintiff, summonses were served on defendants on May 19 and 21, 2016. (Notice of Removal Ex. 2.)[3] Because an earlier-served defendant can consent to removal initiated by a later-served defendant, the thirty-day removal clock started on May 21, 2016, making the June 20, 2016 removal timely. *See Act II Jewelery, LLC v. Wooten,* No. 15 C 6950, 2015 WL 7889039, at *3 (N.D. Ill. Dec. 4, 2015); *see also Dultra v. U.S. Med. Home, Inc.*, No. 13 C 07598, 2014 WL 1347107, at *3 (N.D. Ill. Apr. 4, 2014) ("Formal service is required to trigger the thirty-day clock.").

Next, the Court finds the parties are diverse. It is undisputed that all defendants are Israeli citizens living in Israel. Plaintiff admits he is an American citizen. (Pl.'s Resp. at 6.) He adamantly maintains that he is not a citizen of any state, but also does not explicitly argue that he is an alien. While he alleges he was illegally detained in Israel from 2009 to 2012, more recent public records seem to indicate that plaintiff is domiciled in either Illinois or Washington, D.C. (Notice of Removal Exs. 1, 7-11.)[4] In a 2012 lawsuit, plaintiff alleged, and the Court accepted, that he was a Wisconsin resident and not an alien. *Weisskopf v. United Jewish Appeal-Fed'n of*

---

[3] Plaintiff argues that defendants were aware of this lawsuit both on April 9, 2016 because of an interview that aired on Israeli television and on April 26, 2016 because defense attorneys in another of plaintiff's cases confirmed they were monitoring plaintiff's filings. (Pl.'s Mot. at 4.) But it is formal service, not mere awareness, that matters.

[4] Plaintiff filed two petitions in U.S. Tax Court regarding underpaid federal taxes for 2013 and 2014 and used a Washington, D.C. address. (Notice of Removal Exs. 7 & 8.) Plaintiff requested that the trials for those cases be held in Chicago in September and October 2016. (*Id.* Exs. 9 & 10.) Plaintiff had an Illinois real estate brokerage license until 2014. (*Id.* Ex. 11.) Plaintiff provides his current address as Washington, D.C. (Compl. at 10.)

*Jewish Philanthropies of N.Y., Inc.,* 889 F. Supp. 2d. 912, 916 (S.D. Tex. 2012). Plaintiff is a savvy litigant who appears to pick and choose when he wants to be domiciled in America and when he wants to litigate in federal court, and he crafts his complaint and motions according to those whims. It is impossible for the Court to determine exactly where plaintiff is domiciled (the traditional factors courts consider are not available here), but concludes it is somewhere in the United States. *See Newell v. O & K Steel Corp.,* 42 F. App'x 830, 833 (7th Cir. 2002) (no single factor determines domicile, and courts consider factors such as "current residence, place of employment, location of property, voter registration, driver's license registration, and payment of taxes"). In the last six years, plaintiff has personally appeared at a motion hearing in this case, used Washington, D.C. and Wisconsin addresses in court filings, settled lawsuits related to tax issues in Chicago, filed federal lawsuits in New York, Texas, Pennsylvania, and Wisconsin, and filed at least two state court cases in Illinois. Further, it is clear that plaintiff would rather litigate this case in Illinois state court (unless he is allowed to amend his complaint), and alleges that the underlying fraud and conspiracy occurred at least in part in Illinois. Regardless of where in the United States plaintiff is domiciled, the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). *See Macneil Auto. Prods., Ltd. v. Cannon Auto. Ltd.,* No. 08 C 0139, 2012 WL 5306281, at *7 (N.D. Ill. Oct. 26, 2012) (jurisdiction existed "because the action involve[d] a citizen of the United States and a citizen . . . of a foreign state[.]")

Finally, the Court finds that the amount in controversy has been met. Plaintiff asks for a judgment in excess of $60,000, costs, and the maximum allowable punitive damages. While plaintiff has not specified an amount of punitive damages, in prior federal lawsuits against four of the five defendants in this case, plaintiff sought one million dollars and twenty million dollars. (Notice of Removal Ex. 5 ¶ 14; Ex. 6 at 50.) The Seventh Circuit recognizes that it is

"easier said than done" for defendants to establish jurisdiction "when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). In such circumstances, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* Here, defendants have submitted evidence to suggest that plaintiff is seeking damages in excess of $75,000 and plaintiff has failed to show that such recovery is legally impossible. Accordingly, the Court finds that the amount-in-controversy threshold has been met and that it has jurisdiction. Plaintiff's motion to remand is denied.

**Motion to Dismiss**

Defendants first contend that the Court lacks jurisdiction over defendants because they are entitled to immunity for official acts in their capacities as foreign government officials. (Defs.' Mem. at 4.) Next, defendants argue that the Court lacks personal jurisdiction over each defendant. (*Id*. at 7.) Defendants also allege that plaintiff fails to state claims for fraud and conspiracy. (*Id*. at 10-12.) Finally, defendants assert that this lawsuit is barred by the act-of-state doctrine. (*Id*. at 13.) Plaintiff refutes the assertion that all defendants are foreign officials and argues that "the Illinois court has personal and subject matter jurisdiction over the defendants." (Pl.'s Resp. at 5-6, 7.) Plaintiff argues that the events that gave rise to this litigation took place in Illinois and asks for leave to amend his complaint if he has not sufficiently alleged how each defendant participated in the conspiracy to commit fraud. (*Id*. at 10-11.)

Despite the myriad of bases for defendants' motion to dismiss, the Court dismisses this action as barred by the statute of limitations. "A district court's dismissal on statute-of-limitations grounds constitutes dismissal for failure to state a claim pursuant to Federal Rule

6

12(b)(6) if the claim is indisputably time-barred." *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (internal quotations omitted). While the statute of limitations is an affirmative defense, a plaintiff who "pleads facts that show his suit is time-barred or otherwise without merit . . . has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993). "[T]he Illinois statute of limitations for 'all civil actions not otherwise provided for,' 735 ILCS 5/13-205, including fraud claims, *McCarter v. State Farm Mut. Auto. Ins. Co.,* 473 N.E.2d 1015, 1018 (Ill. App. Ct. 1985), is . . . five years[.]" *In re Collazo,* 817 F.3d 1047, 1050 (7th Cir. 2016). Plaintiff asserts that "sometime after February 2009 defendants conspired . . . to steal a copy of plaintiff's childhood records." (Compl. ¶ 26a.) He further contends that "[s]ince 2009 . . . defendants have refused [to] return . . . these stolen documents . . . despite multiple requests by plaintiff." (*Id.* ¶ 26g.) From those allegations, the Court concludes that defendants' alleged fraud and conspiracy occurred sometime in 2009 and that plaintiff was also aware of defendants' actions in 2009. In order for plaintiff's fraud claim to be timely, it needed to have been brought by 2014. This complaint was filed two years too late.[5] Without an underlying claim, plaintiff's conspiracy claim fails. *See Suburban Buick, Inc., v. Gargo*, No. 08 C 0370, 2009 WL 1543709, at *11 (N.D. Ill. May 29, 2009) ("Failure to allege sufficiently the underlying fraud claim will result in dismissal of the conspiracy claim."). Because plaintiff's fraud claim has been dismissed, his conspiracy claim must also be dismissed. Accordingly, defendants' motion to dismiss is granted.

---

[5] Despite claims that he was prevented from leaving Israel from March 2009 to July 2012, plaintiff filed at least three lawsuits in America during that timeframe. *See Weisskopf v. Weisskopf,* No. 11-cv-638 (W.D. Wis.), *Weisskopf v. Neeman,* No. 11-cv-665 (W.D. Wis.), and *Weisskopf v. United Jewish Fed'n of Pittsburgh,* No. 11-cv-1575 (W.D. Pa.). Accordingly, the Court is not persuaded that plaintiff was unable to pursue his claims during those years.

**<u>Motion to Amend</u>**

"[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure to deficiencies, undue prejudice to defendants, or where amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). Plaintiff's claims are time-barred; an amended complaint cannot cure those defects. *See Mulvania v. Sheriff of Rock Island,* No. 16-1711, 2017 WL 935884, at *4 (7th Cir. Mar. 9, 2017) (finding the district court did not abuse its discretion when it denied plaintiff leave to amend, in part because statute of limitations issues would render amendment futile). In his motion to amend, plaintiff argues that he should be allowed to amend the complaint to comport with federal rules and to add "federal questions." (Pl.'s Mot. to Am. at 2.) In his reply, plaintiff states that he did not include a proposed amended complaint because he did not want to "unnecessarily burden th[e] file." (Pl.'s Reply at 2.) Because plaintiff has not submitted a proposed amended complaint or indicated what federal claims[6] he would include in an amended complaint, the Court is not persuaded that he should be given leave to amend. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808-09 (7th Cir. 2015) (affirming district court's denial of plaintiff's motion to amend when plaintiff failed to submit an amended complaint or explain how she would amend her complaint). Accordingly, plaintiff's motion for leave to amend is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss [6] is granted. Plaintiff's motions to remand [14] and amend [16] are denied. Civil case terminated.

---

[6] Plaintiff makes reference to defendants' violation of RICO in his motion to remand. (Pl.'s Mot. at 6.) If plaintiff were to amend his complaint to include a RICO claim, it would also be barred by the statute of limitations. *See Cancer Found., Inc. v. Cerberus Capital Mgmt.,* 559 F.3d 671, 674 (7th Cir. 2009) ("The statute of limitations for a civil RICO cause of action is . . . four years.").

8

**SO ORDERED.** **ENTERED: March 31, 2017**

_____
**JORGE L. ALONSO
United States District Judge**